**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Marie Schwartz, | No. CV-24-01091-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Claimant/Plaintiff's appeal of Defendant's denial of her application for social security disability benefits. The sole claim of error on appeal is Plaintiff's claim that the Administrative Law Judge ("ALJ") failed to fulfill his duty to develop the record; therefore, Plaintiff argues that to the extent the record lacks sufficient evidence to establish that Plaintiff is disabled, it is the ALJ's fault, not Plaintiff's fault.

In furtherance of this overarching claim of error, Plaintiff makes several sub-arguments: 1) the state agency consulting doctors' opinions that the record was insufficient to establish a disability–alone–triggered the ALJ's duty to further develop the record; and specifically the ALJ should have ordered more testing and examinations; 2) the ALJ failed to base Plaintiff's residual functional capacity ("RFC") on medical source evidence; and 3) the new medical evidence submitted to the Appeals Council after the ALJ issued his opinion shows that the ALJ failed to develop the record. Defendant disputes each of these arguments and advocates that Defendant's decision to deny benefits should be affirmed.

**I.     Determination of Disability**

The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 404.1520. Simplified for purposes of this Order, the steps are: 1) is the claimant presently working in a substantial gainful activity; 2) is the claimant's impairment severe; 3) does the impairment "meet or equal" one of a list of specific impairments described in the regulations; 4) is the claimant able to do any work that he or she has done in the past; and 5) if the claimant cannot do work the claimant has done in the past, can the claimant do other work? *See, e.g., Tackett v. Apfel,* 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The claimant bears the burden of proof at steps 1 through 4. *Id.* at 1098. The Commissioner bears the burden of proof at step 5. *Id.*

**II.    Plaintiff's Burden of Proof/ALJ's Duty to Develop the Record**

The ALJ has a duty to develop the record in social security cases. *See, e.g., Smolen v. Chater,* 80 F.3d 1273, 1288 (9th Cir. 1996). Here, the tension between the ALJ's duty to develop the record, and Plaintiff's burden of proof at steps one through four, is at issue.

Other courts have noted this tension as follows:

> Normally, the Social Security Act obligates claimants to furnish medical evidence proving the existence of a disability. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1512. However, "[t]he ALJ always has a 'special duty to fully and fairly develop the record and to assure that the claimant's interests are considered ... even when the claimant is represented by counsel.'" *Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003) (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)). Nevertheless, it is ultimately the plaintiff's duty to prove that he or she is disabled. *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Id.* at 459-60.

*E.M. v. Kijakazi*, 591 F. Supp. 3d 595, 618 (N.D. Cal. 2022). Similarly,

> The claimant must provide evidence relating to his impairments and their severity. 20 C.F.R. §§ 404.1512(a) & (c), 416.912(a) & (c). However, the ALJ has a duty to develop the record when the claimant's onset date is ambiguous, or when the record is too inadequate for the Commissioner to make a proper disability determination. 20 C.F.R. §§ 404.1513(e), 416.913(e); *Bayliss v. Barnhart,* 427 F3d 1211, 1217 (9th Cir. 2005); *Armstrong v. Comm'r,* 160 F3d 587, 590 (9th Cir. 1998).

*Dain v. Astrue*, No. CIV. 10-6104-ST, 2011 WL 2490639, at *11 (D. Or. May 23, 2011), *report and recommendation adopted,* No. CV. 10-6104-ST, 2011 WL 2472800 (D. Or. June 21, 2011).

The Ninth Circuit Court of Appeals has recognized this tension, stating:

> As noted by our sister circuit, the application of burdens of proof "is particularly elusive in cases involving social security benefits, in part because the proceedings are not designed to be adversarial." *Donato v. Secretary of Dept. of Health & Human Servs. of the United States,* 721 F.2d 414, 418 (2d Cir. 1983) (internal quotations omitted). In addition, the ALJ's *affirmative duty* to assist a claimant to develop the record further complicates the allocation of burdens. *See* 20 C.F.R. § 404.1512(d).

*Tackett,* 180 F.3d at n.3 (emphasis in original).

Thus, as these cases recount, generally Plaintiff has the burden of proof and with it the burden of producing supporting medical documentation. However, in some circumstances the ALJ's duty to develop the record beyond what Plaintiff submitted is triggered. *See Duke v. Comm'r of Soc. Sec.*, No. 1:12-CV-00449-SAB, 2013 WL 1982871, at *12 (E.D. Cal. May 13, 2013) ("*Tonapetyan,* 242 F.3d at 1150–51 (ALJ erred by relying on testimony of physician who indicated more information was needed to make diagnosis); *McLeod,* 640 F.3d at 887 (ALJ erred by failing to obtain disability determination from the Veteran's Administration); *Bonner v. Astrue,* 725 F. Supp. 2d 898, 901–902 (C.D. Cal. 2010) (ALJ erred where failed to determine if claimant's benefits were properly terminated or should have been resumed after his release from prison); *Hilliard v. Barnhart,* 442 F.Supp.2d 813, 818–19 (N.D. Cal. 2006) (ALJ erred by failing to develop record where he relied on the opinion of a physician who recognized he did not have sufficient information to make a diagnosis).").

**A.   State Agency Consultants/Lack of Evidence**

Here, Plaintiff's argument is that this case falls into the category of cases wherein the ALJ's duty to conduct further record development was triggered because the record submitted by Plaintiff was inadequate or ambiguous. *See McLeod v. Astrue,* 640 F.3d 881, 885 (9th Cir. 2010) (as amended May 19, 2011) ("ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to

allow for proper evaluation of the evidence."). Specifically, Plaintiff's case was reviewed by two state agency physicians. (Doc. 9 at 3–4). In reconciling Plaintiff's reports of her symptoms and limitations with the medical record, state agency physician Carol Hutchinson, D.O., stated, "Somatic: Large gaps in the MER. Lacking evidence to assess alleged scoliosis. Lacking evidence to assess manipulative allegations. Shortly before DLI-LBP-findings on imaging do not clinically correlate with findings on imaging. Lacking the necessary functional detail to assess from AOD to DLI, the claim is IE." (Doc. 7-4 at 6).[1] State agency physician Arthur Pirone, M.D., adopted physician Hutchison's opinion. (Doc. 7-4 at 13). Plaintiff argues on appeal that these two physicians' statements that there was not enough evidence to assess Plaintiff's claim of scoliosis and manipulative allegations, or functional detail from the alleged onset date, triggered the ALJ's duty to further develop the record.

Once the ALJ's duty to develop the record is triggered, the ALJ can discharge this duty in various ways. The ALJ can order a consultative exam,[2] subpoena the claimant's treating providers, submit questions to the claimant's treating providers, continue the hearing, and/or leave the hearing open for a period of time to allow the claimant to submit additional evidence. *Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir. 2001).

Here, Plaintiff argues the ALJ could have ordered a consultative examination, or a comprehensive examination, or ordered specific tests such as x-rays or MRIs. (Doc. 9 at

---

[1] The record cites are to the electronic copy of the record in this Court's file.

[2] For example,

> An ALJ should order a consultative exam when the record is incomplete, the evidence is ambiguous, or where it is necessary to "fully and fairly develop" and to "'assure that the claimant's interests are considered.'" *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) (per curiam); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001). Consistent with that discretion, the ALJ also has the discretion to reject a claimant's request for a consultative exam. 20 C.F.R. §§ 404.1519a(a)(1), 404.1519m.

*Bucy v. Colvin*, No. CV 14-00220-S-REB, 2015 WL 5708599, at *8 (D. Idaho Sept. 29, 2015)

5). Defendant counters that no such additional measures were necessary because the record was adequate.

To begin, the Court rejects Plaintiff's argument that the ALJ should have ordered more consultative examinations. The ALJ ordered two such examinations, both of which concluded that there was not sufficient medical evidence to confirm or reject Plaintiff's claimed symptoms and limitations. There is no reason to believe a third consultative exam would have further developed the record. *See Dain,* 2011 WL 2490639, at *11–12 ("The Commissioner's regulations do not suggest that a claimant is entitled to receive multiple consultative examinations addressing the same impairment.").

More importantly, however, is determining who bore the burden of producing medical evidence to support Plaintiff's claimed conditions and limitations when the record lacked any such evidence. In other words, there was no ambiguous evidence; there was a lack of medical documentation supporting Plaintiff's claimed symptoms and limitations.

The ALJ's duty to develop the record does not shift the burden of producing medical evidence from the Plaintiff to the agency.

> Plaintiff has the burden of "furnish[ing] medical and other evidence that [the Commissioner] can use to reach conclusions about [plaintiff's] medical impairments(s)." *Id.* at 459 (quoting 20 C.F.R. § 404.1512(a) (2000)). Similar to the claimant in *Mayes*, here plaintiff "is not contending in this appeal that the evidence before the ALJ was sufficient to establish that [he] was disabled," but rather that "had the ALJ developed the record and established [his episodic symptoms], he would have found [plaintiff] disabled." *Id.* at 461. Plaintiff may not shift his burden of production to the ALJ. *Id.* at 459; *see* 42 U.S.C. § 423(d)(5) (Supp. 2001).

*Shakhbazyan v. Colvin*, No. CV 14-3370-SP, 2015 WL 4932812, at *3 (C.D. Cal. Aug. 17, 2015); *see also De Botello v. Astrue,* No. CV 10-01203-PHX-JAT, 2011 WL 3292401, at *7 (D. Ariz. Aug. 1, 2011) ("The ALJ had 'no duty to develop the record by diagnosing' Plaintiff's other ailments. *Mayes,* 276 F.3d at 459. …To put an additional burden on the ALJ to discover the root of every subjective complaint, even if it is not supported by the unambiguous evidence before him or her, would be to improperly shift the Plaintiff's burden in proving disability. *See id.*").

Here, the state agency physicians concluded that they lacked the medical

1  documentation to reach certain conclusions. The ALJ reviewed their opinions and stated
2  "The State agency consultants did not provide a residual functional capacity (Exhibit 2A;
3  4A). The undersigned finds these opinions are not persuasive because they are not
4  consistent with the evidence." (Doc. 7-3 at 22). Thus, unlike *Tonapetyan* and *Hilliard*,
5  wherein those courts held that the ALJ erred in relying on physicians who stated they did
6  not have enough information to reach a conclusion, here the ALJ rejected these opinions.

7  Thus, the ALJ's duty to develop the record further was not triggered by the opinions
8  of physicians he rejected. Instead, the ALJ found there was sufficient evidence in the
9  record from which to reach a conclusion; and from that evidence the ALJ formulated an
10 RFC for Plaintiff. It is true that the ALJ's conclusions were informed, in part, by his finding
11 that "The record indicates the claimant received very limited treatment." (Doc. 7-3 at 22).
12 However, the fact that Plaintiff elected to receive very little treatment does not place
13 additional burdens on the ALJ to try to create those treatment records for her. As indicated
14 above, Plaintiff has the burden of providing medical (and other) evidence about her
15 impairments. *Mayes v. Massanari,* 276 F.3d 453, 459 (9th Cir. 2001).

16 Thus, based on this record, the Court finds that the ALJ did not err in failing to order
17 more tests or examinations to substantiate Plaintiff's claims based on the rejected opinions
18 of the state agency physicians.

19 **B.     RFC Determination**

20 As indicated above, the two state agency consultative physicians concluded that
21 there was insufficient evidence to determine Plaintiff's functional limitations based on
22 some of Plaintiff's claimed impairments. As also recounted above, the ALJ rejected these
23 two opinions, instead deciding that there was sufficient evidence of record to determine
24 Plaintiff's limitations and resulting RFC. Plaintiff argues that "the ALJ relied solely upon
25 his lay interpretation of the medical evidence of record…without a medical opinion to
26 support the claimant's residual functional capacity." (Doc. 9 at 8). Plaintiff then concludes
27 that this alleged lack of supporting medical opinions means that the RFC lacks substantial
28 evidence to support it. (*Id.*).

Defendant counters that it is the ALJ's duty to determine the RFC, citing: 20 C.F.R. §§ 404.1520b ("After we review all of the evidence relevant to your claim . . . we make findings about what the evidence shows."), 404.1546(c) (ALJ assesses RFC); *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("It is clear that it is the responsibility of the ALJ, not the claimant's physician, to determine RFC."); *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022) (there "is a presumption that ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work."); *Rounds v. Comm'r, Soc. Sec.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."); and *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence."). (Doc. 14 at 5–6). Defendant notes that other district courts in this circuit agree that the ALJ is not required to rely on medical evidence to support the RFC. (*Id.* at 6 citing cases out of the Eastern District of California). Defendant concludes that Plaintiff's reliance in her opening brief on exclusively out-of-circuit cases does not impact the Ninth Circuit caselaw cited by Defendant.

In her reply, Plaintiff fails to cite any cases, which means that she fails to address any of the Ninth Circuit cases on this issue in her opening or reply brief. The Court notes that Plaintiff's counsel is admitted pro hac vice from out of state. While such admission is perfectly appropriate, being from out of state does not excuse counsel from citing and discussing the binding precedent in this circuit.

Instead, in her reply, Plaintiff states (without citation), "SSA argues that the ALJ was not required to base his RFC on a specific medical opinion…. Ms. Schwartz agrees. However, the ALJ was required to provide medical evidence to support his finding as to Ms. Schwartz's limitations." (Doc. 15 at 3). This concession appears to be in direct conflict with Plaintiff's original argument (as quoted above): "the ALJ relied solely upon his lay interpretation of the medical evidence of record…without a medical opinion to support the claimant's residual functional capacity." (Doc. 9 at 8).

- 7 -

Here, the ALJ based Plaintiff's RFC on Plaintiff's medical records. In the ALJ's opinion at Doc. 7-3 in pages 21 through 23, the ALJ recounts Plaintiff's medical records beginning in 2015 and going through 2023. Based on those medical records, the ALJ found many limitations in Plaintiff's abilities. (*Id*.). The ALJ's discussion of this medical evidence and the resulting limitations found in the RFC spans 1,079 words and cites to 27 medical exhibits. (Doc. 7-3 at 21-23). The Court will not repeat or quote the ALJ's full discussion in this Order. However, a review of the ALJ's opinion refutes Plaintiff's blanket assertion that the ALJ did not base Plaintiff's RFC on medical evidence.

Thus, the Court finds that the ALJ's determination of Plaintiff's RFC is supported by substantial evidence. *See generally Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (to be affirmed, the ALJ's decision must be free from legal error and be supported by substantial evidence).

### C. New Evidence Submitted to the Appeals Council

After the ALJ issued the decision in this case, Plaintiff appealed to the Appeals Council. At that stage, Plaintiff submitted new medical evidence in the form of an August 2023 statement from her treatment provider, Amanda Higgins, FNP-C. Plaintiff argues that the fact that provider Higgins' statement shows more limitations than found by the ALJ bolsters her argument that the ALJ did not develop the record because the ALJ could have himself discovered these limitations had he ordered more tests. (Doc. 9 at 6-7). For the reasons discussed above, the Court finds it was the Plaintiff's duty, not the ALJ's, to initially present medical evidence to support her claimed limitations.

Plaintiff also argues that this Court should remand for the ALJ to consider this new evidence because provider Higgins diagnosed "spinal stenosis lumbar" and "cervical stenosis of the spine." (Doc. 15 at 4). The parties agree that this Court should consider the new evidence submitted to the Appeals Council like all other evidence in the record in determining whether the ALJ's decision is supported by substantial evidence. (Doc. 14 at 6 (citing *Gardner v. Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017) (The reviewing court must "determine whether the ALJ's finding of nondisability was supported by substantial

evidence in the entire record—including [the] new evidence . . . that the Appeals Council considered—not just the evidence before the ALJ.")))

However, Defendant argues that this new evidence does not require a remand. Citing a Ninth Circuit Court of Appeals case, Defendant argues that remand based on this new evidence is only warranted if the evidence is "material." (Doc. 14 at 6-8 (citing *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001))). Citing a district court case, Plaintiff generally agrees that materiality is the test for when remand is necessary. (Doc. 9 at 6 (citing *Salazar v. Astrue*, 859 F. Supp. 2d 1202 (D. Or. 2012) (if the Appeals Council errs in concluding that the new evidence would not be a basis for the ALJ to change the decision, the district court should remand for the ALJ to consider the new evidence))).

Defendant argues that provider Higgins statement cannot be material to Plaintiff's condition at her date last insured (December 2021) because it opines on Plaintiff's condition in August of 2023 and does not mention Plaintiff's condition as of 2021. (*Id.*) Further, as of the statement, provider Higgins had only been treating Plaintiff for approximately the preceding year (going back to August 2022); therefore, she would not have any data or opinion about Plaintiff's condition in 2021. (*Id.*).

Plaintiff argues that her conditions are progressive. (Doc. 15 at 4). Defendant argues that Plaintiff failed to put any medical evidence in the record that Plaintiff has progressive conditions and, therefore, such argument is waived. (Doc. 14 n.3).

Regardless of whether such argument is waived, the result does not change. Accepting Plaintiff's factual medical arguments as true–that lumbar and cervical degenerative disc disease are progressive impairments and that progressive impairments are degenerative–provider Higgins diagnoses in August of 2023 would not change the ALJ's decision as to Plaintiff's limitations in 2021. Indeed, Plaintiff's argument that the condition is "progressive" bolsters Defendant's argument that provider Higgins, who had only been treating Plaintiff since approximately August of 2022, cannot provide insight as to Plaintiff's condition in 2021–when theoretically Plaintiff would have had less limitations because her condition had not progressed as much.

Thus, the Court finds that the new evidence submitted to the Appeals Council is not material because it would not potentially change the ALJ's decision. Accordingly, remand on this basis is not warranted.

### III. Conclusion

Based on all of the foregoing, the Court finds the ALJ did not err in not taking more actions to develop the record. Therefore,

**IT IS ORDERED** that the decision of the Commissioner is affirmed, and the Clerk of the Court shall enter judgment accordingly.

Dated this 13th day of November, 2024.

James A. Teilborg
Senior United States District Judge